# SUPREME COURT.

WRIGHT ROBINS agt. JOHN McCLURE, in person and as execu-
tor of the last will and testament of CAROLINE McCLURE,
deceased.

*Will — Distribution — Husband and wife — Administration by husband —
Lapsed legacy.*

The testatrix, who left no descendants, by her will gave her husband
certain property and one-half of the remainder of her estate, giving the
other half to a brother and sister in equal shares:

*Held*, that the share of the brother, who died before the testatrix, belongs
to the husband and not to the brother's heirs-at-law.

*Special Term, February*, 1884.

*Edward James*, for plaintiff.

*J. N. Peckett*, for defendant.

LAWRENCE, *J.* — Caroline McClure died in the month of
November, 1882, having made her last will and testament,
which was thereafter proved in the surrogate's court of this
county as a will of real and personal estate, and letters tes-
tamentary thereon were issued by the surrogate to John
McClure, her husband, one of the executors named in said
will, who duly qualified and entered upon his duties as such
executor. The testatrix left no descendant or ancestor sur-
viving. She left but one piece of real estate, being the house
known as No. 360 West Thirty-third street, in this city,
which she devised to her husband. By her will the testatrix
gave to her husband all the household furniture and effects
contained in said house, and also devised and bequeathed to
him the one-half part of all the remainder of her estate, both
real and personal, absolutely. The controversy involved in
this suit arises under the fifth clause of the will of said
Caroline McClure, which is as follows: "I give, devise and

bequeath the remainder of my estate, both real and personal, to my brother Wright Robins, and to my sister Mrs. Elizabeth Carter, to be equally divided between them, and to have and to hold unto them, their heirs and assigns, forever."

Elizabeth Carter survived her sister, but the brother Wright Robins, named in said will, died before her. The plaintiff in this action is a nephew of the testatrix. She also left certain nephews and one grandniece, the heirs-at-law of her five brothers, Isaac Robins, Amos Robins, Nathan Robins, Wright Robins and George W. Robins. It is alleged in the complaint that John S. McClure, the husband of the said testatrix, has taken possession of all the estate of said testatrix, both real and personal, and claims to hold the same in his own right adversely to the said heirs-at-law and next of kin, not only those parts of said estate which are devised and bequeathed to him by said will, but also all that portion of the remainder of said estate which was devised and bequeathed by said will to Wright Robins, the deceased brother of said testatrix.

The plaintiff claims that by reason of the death of said Wright Robins in the lifetime of said testatrix, the provisions made in said will in his favor lapsed, and that upon the death of said testatrix her heirs-at-law became and are seized of the real estate devised to said Wright Robins as tenants in common in fee simple, and that her next of kin — to wit, the parties hereinbefore mentioned — became and are entitled to the personal estate bequeathed to said Wright Robins, and are entitled to a distribution of the same among them, under the statute of distributions, and that the defendant holds the same in trust for them as such executor as aforesaid. It is also alleged that the plaintiff brings this action, not only in his own behalf, but for the benefit of all such heirs-at-law and next of kin who may come in and contribute to the expenses thereof.

The defendant in his answer admits that he has taken possession of all the estate of said testatrix, both real and

Robins agt. McClure.

personal, but denies that he claims to hold the same in his own right, and denies that he holds adversely to the said heirs-at-law and next of kin, not only those parts of said estate which are devised and bequeathed to him by said will, but also of that portion of the remainder of said estate which was devised and bequeathed to Wright Robins, the deceased brother of said testatrix, but alleges that he holds said estate as executor, under said will, to carry into effect the provisions of said will, and as legatee and heir-at-law of his wife, the said testatrix. He also alleges that under the provisions of the will, he is the owner absolutely in fee simple of the house and lot No. 360 West Thirty-third street, in the city of New York, and that as the testatrix left no descendants, the portion or share devised to the said Wright Robins, deceased, became, belongs absolutely to, and is the property of this defendant, as the husband of said testatrix.

On the trial it appeared that the provision of the will devising the dwelling-house was interlined before its execution at the request and by the direction of the testatrix, and as that was the only real estate belonging to the testatrix no question arises as to said real estate. The plaintiff contends that the portion of the estate of Caroline McClure which was bequeathed to Wright Robbins having lapsed, the husband cannot avail himself of the provisions of the will which are in his favor and yet claim to be entitled, as the husband, to that portion of the estate which would have gone to Wright Robins in case he had survived his sister, and that, therefore, her heirs-at-law or next of kin are entitled to the same.

It was held by the court of appeals, in the case of *Barnes* agt. *Underwood* (47 *N. Y.*, 351), that the common-law right of a husband to administration, and, through administration, to acquire title to the personal property of his deceased wife not reduced to possession during coverture, subject only to the payment of her debts, was preserved by the Revised Statutes, and have not been affected by the statutes of 1848 and 1849, in relation to married women. That those statutes give the

wife control of her separate estate, with power of testamentary disposition during her life, but that if she dies intestate, the rights of her husband as her successor are not affected, and that he is not prevented from the administration and consequent enjoyment of the property. It was also held that the amendment to the seventy-ninth section of the statute of distributions in 1867 did not affect the right of the husband to administration and enjoyment of the deceased wife's personal estate, except in the case therein specified, to wit, of her dying leaving descendants. In this case the wife, as we have seen, left no descendants, the parties claimed to be her heirs-at-law and next of kin being her sister, Elizabeth Carter, named in said will, and the descendants of her deceased brothers.

The precise question presented in this case did not arise in the case of *Barnes* agt. *Underwood*, because there the wife died intestate and her husband was appointed as her administrator; but the reasoning of the court in that case goes far to sustain the position taken by the defendant in this case. But in *Fry* agt. *Smith* (10 *Abb. N. C.*, 224) Mr. justice VAN VORST had under consideration a case which was exactly similar to the case at bar. In that case Mrs. Godon, after making some inconsiderable bequests by her will, directed that "all the remainder of my estate, real and personal, I give, devise and bequeath to my husband, Sylvanus William Godon, and at his death to go to my son, Frederick William Godon and to his natural heirs." She died possessed of personal property, and before her death her son Frederick William died, without issue and unmarried. The testatrix left her surviving her husband and no issue, and the learned justice held that the common law right of the husband to take the entire personal estate of the wife dying intestate and without descendants, extended to the partial intestacy created by the lapse of the legacy to the son, although the husband had taken letters testamentary under the will, but had never taken out letters of administration upon the wife's estate.

Robins agt. McClure.

I cannot add anything to the elaborate opinion of the learned justice, and concurring as I do in the views which he therein expressed, I shall hold that the husband in this case is entitled to that portion of his wife's estate bequeathed by her will to her brother Wright Robins, such bequest having lapsed by his death before the death of the testatrix.

On the argument the learned counsel for the plaintiff referred me to the case of *Kearney* agt. *Missionary Society of St. Paul, the Apostle* (*reported in* 10 *Abb. N. C., at page* 274), which was also decided by Mr. justice VAN VORST, and claimed that the decision in the latter case was antagonistic to the decision in *Fry* agt. *Smith.* The learned justice refers to that case in his opinion in the case of *Fry* agt. *Smith,* and states as follows: "That case differs essentially from the present one in its facts. I do not think that it upholds the plaintiff's propositions, but if it announces doctrines in opposition to the conclusions reached in this case, to that extent it cannot be followed." This is a clear indication that the learned justice did not consider the case of *Kearney* agt. *Missionary Society* as conflicting with his decision in the case of *Fry* agt. *Smith.* In this view I also concur, but if there were any doubt upon this point, deeming as I do that the decision in *Fry* agt. *Smith* is a correct exposition of the law upon this subject, I should feel bound to follow the latter case.

For these reasons I am of the opinion that the defendant is entitled to judgment declaring that the title and ownership of the property bequeathed to Wright Robins, deceased, by the will of Caroline McClure, belongs to the defendant as the husband of said testatrix; that the house and lot No. 360 West Thirty-third street belongs absolutely in fee simple to the defendant; and that after paying the other legacies named in the will, all the rest, residue and remainder of the testatrix's estate belongs to the defendant.